## SANTAÑA ET AL. *v.* VENTURA.

### APPEAL from the District Court of Ponce.

No. 223.—Decided April. 11, 1908.

UNLAWFUL DETAINER—OWNERSHIP OF PROPERTY.—An action of unlawful detainer does not lie to recover possession of property where a plaintiff does not prove his ownership thereof.

ID.—POSSESSION AT SUFFRANCE.—Possession by the defendant of a rural property by virtue of a sale made to him without the execution of a proper deed in favor of his predecessor because of the fact that he owed a part of the purchase price does not constitute possession at suffrance, so as to serve as the basis of an action of unlawful detainer.

The facts are stated in the opinion.

*Mr. Manuel A. Rivera* for appellant..

*Messrs. Boerman and Llorens* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case sets up that Doña Josefa de las Estrellas sold a farm to Don José Sabino Arroyo on the 9th July, 1864. The complainants are the testamentary heirs of the latter, and they allege that the defendant José Ventura Fortiz has been holding as a tenant at will (*en precario*) since the 4th of November, 1894, without paying anything therefor, and by the mere tolerance of the complainants. How, or when, or why the respondent came into the possession is not shown in the complaint. It is asserted that the respondent wrongfully holds the possession, although in a friendly manner, as well as officially, he has been urged to yield the same.

The answer sets up that deed made by Doña Josefa Estrella to Don José Sabino Arroyo, contained a contract of purchase and sale (*compra-venta*) without the consent of her husband, and that the deed was therefore void; that the said sale was ineffectual because thereafter the said Arroyo resold (*retrovendio*) the land to the said Mrs. Estrella; that furthermore, the defendant and his predecessors in title have,

without disturbance or interruption, been possessing and enjoying the land as sole owners, for more than 40 years.

The opinion of the Court below is as follows:

"In 1864 the mother of the defendant, Doña Josefa de las Estrellas, made a deed to the father of the complainant, Don José Sabino Arroyo, of a parcel of land of 305 *cuerdas,* in the municipality of Barros, and after the execution of the deed the said lady continued in the possession of the land. The father of the complainants died in 1887. According to the division of his lands made before the notary of Coamo, Don Felipe Rodríguez, in 1888, it was declared with respect to said land as follows:

" 'This land was sold by Don José Sabino to Doña Josefa Estrella and in consequence of said sale the said Doña Josefa Estrella owned the sum of $687.43. For this reason the deed of sale was not executed. The debt is one of the assets of the estate. When this amount is paid the deed will be executed to whomsoever is entitled thereto; therefore the amount is included in this inventory for its proper purposes.'

"Mrs. Estrellas died in 1894 and the land passed into the possession of the defendant.

"The court is of the opinion that the right of complainants to the ownership of the land has not been established. It is clear that in the year 1888 the complainants did not claim the land, but on the contrary acknowledged that the ownership was in Mrs. Estrellas.

"There has been no evidence offered of any error in the division of the estate. Moreover, whatever action the complainants may have had, has already prescribed, according to the provisions of the Civil Code. The complaint is dismissed, with costs against the complainants. Ponce, P. R., October 3, 1907."

Thus the court below bases its decision on two grounds, namely, that there was no proof of ownership of land on the plaintiffs, and that whatever action the plaintiffs might have had was barred prescription.

With respect to the latter ground the appellee in his brief urges that any action may be barred, and that even taking the longest statute of limitations, which runs against a real action, namely, a period of 30 years, yet that the defendant's possession has continued uninterruptedly for a longer period.

We can readily, however, conceive a case where the permissive use of property might be continued for years, the tenant continuing to hold, as he originally held, at the mere tolerance and consent of the real owner. Such a state of facts might easily occur with respect to the class of farm labor familiarly known as an *agragado* or *colono.* The question is intimately related with the character of the defendant's possession, and if that is once resolved in his favor it becomes unnecessary to consider any question of prescription.

In the present case, whatever claim the plaintiffs might have, they have not shown a right to an action of unlawful detainer. The proof offered at the trial shows that the mother of the defendant bought the property of the father of the plaintiffs and that a deed was not made to her, because she had not paid a certain sum which was owing of the purchase money. Even if it had been maintained, which it was not, that the account was never settled, yet it is doubtful whether the plaintiffs could have recovered the property, or would have had anything but a personal action. There was a contract of purchase and sale, and the defendant and his mother have been in peaceful and undisputed possession of the same for a great number of years, and there is absolutely no merit in the contention of the plaintiffs that the respondent holds at will, or *en precario.*

The judgment of the district court must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.